ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10103
Telephone: (212) 506-5000
Facsimile: (212) 506-5151
Matthew Ingles (NJ Bar No. 021482010)

*Attorneys for Defendants*
*Barclays Bank PLC, Barclays Capital Inc.,*
*BCAP LLC, Securitized Asset Backed*
*Receivables LLC, and Sutton Funding LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

——————————————————————— x

THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA; COMMERCE STREET INVESTMENT,
LLC, PRU ALPHA FIXED INCOME OPPORTUNITY
MASTER FUND I, L.P., PRUDENTIAL RETIREMENT
AND ANNUITY COMPANY, AND PRUDENTIAL
TRUST COMPANY,

                              Plaintiffs,

              -against-

BARCLAYS BANK PLC, BARCLAYS CAPITAL INC.,
BCAP LLC, SECURITIZED ASSET BACKED
RECEIVABLES LLC, AND SUTTON FUNDING LLC,

                              Defendants.

——————————————————————— x

Civil Action No. _____

**NOTICE OF REMOVAL**

Removed from: Superior Court of
New Jersey, Law Division, Essex
County, Docket No. L-6212-12

**Electronically Filed**

  **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1441, 1452 and 1446,

Defendants Barclays Bank PLC, Barclays Capital Inc., BCAP LLC, Securitized Asset Backed

Receivables LLC, and Sutton Funding LLC, (collectively, "Defendants" or "Barclays"), hereby

remove the above-entitled action to the United States District Court for the District of New

Jersey from the Superior Court of New Jersey, Law Division, Essex County. This action is

removable on two independent grounds: first, this Court has original jurisdiction over this action

pursuant to 28 U.S.C. §§ 1452(a) and 1334(b) because it is "related to" pending bankruptcy

proceedings arising under Title 11 of the United States Code; and second, this Court has original

jurisdiction over this action pursuant to 28 U.S.C. §§ 1441(b) and 1332 based upon complete diversity of citizenship among all properly joined parties.

## I. PROCEDURAL HISTORY

1. On or about August 21, 2012, Plaintiffs The Prudential Insurance Company of America, Commerce Street Investments, LLC, Pru Alpha Fixed Income Opportunity Master Fund I, L.P., and Prudential Trust Company (collectively, "Prudential" or "Plaintiffs") filed a Complaint in the Superior Court of New Jersey, Law Division, Essex County (the "State Court Action"). The State Court Action has been assigned Docket No. L-6212-12.

2. In the Complaint, Plaintiffs allege that they purchased 24 certificates (the "Certificates") from 13 residential mortgage-backed securities offerings (the "Offerings"). (Compl. ¶ 20 and Ex. B, attached hereto as Exhibit 1). Plaintiffs allege that Defendants acted as either sponsor, underwriter and/or depositor in the Offerings.[1]

3. Plaintiffs further allege that Defendants made multiple misrepresentations concerning the underlying mortgage loans in "Offering Materials" upon which Plaintiffs allegedly relied prior to purchasing the RMBS. (Compl. ¶¶ 3-7, 9-10, 68-339.)

4. Plaintiffs purport to allege four causes of action against Defendants: (a) common law fraud/fraudulent inducement; (b) aiding and abetting common law fraud/fraudulent inducement; (c) negligent misrepresentation; and (d) violations of the New Jersey Civil RICO statute, N.J.S.A. 2C:41-1 et seq. (Compl. ¶¶ 340-421.) Plaintiffs seek treble damages, rescission of their purchases of the RMBS, prejudgment interest, costs and attorneys' fees. (Compl. at ¶¶ 323-335 and Prayer for Relief.)

---

[1] Plaintiffs allege that Barclays Capital Inc. acted as the "underwriter" for all 13 offerings. (Compl. ¶ 22 and Ex. A.) Plaintiffs also allege that Barclays Bank PLC and a Barclays affiliate, Sutton Funding LLC, were the "seller[s]/sponsor[s]." (Compl. ¶¶ 24-25 and Ex. A.) Plaintiffs allege that a Barclays subsidiary, Securitized Asset Backed Receivables LLC, acted as "depositor" in all but one of the Offerings, and that "SABR was the depositor for" the remaining Offering. (Compl. ¶¶ 27-28.) Plaintiffs make no allegation concerning the purported role played by BCAP LLC.

5.      On or about September 18, 2012, counsel for Defendants accepted service of the Summons and Complaint, reserving all of Defendants' rights, including the right to challenge Plaintiffs' choice of forum and the jurisdiction of the state court.

6.      Defendants have not answered, moved or otherwise entered a formal appearance in the State Court Action.

7.      No motions or other proceedings are pending in the State Court Action.

## II.     PROCEDURAL REQUIREMENTS FOR REMOVAL

8.      Venue is proper in this Court, for removal purposes only, pursuant to 28 U.S.C. § 1446(a) because this case was pending in Essex County, New Jersey, and this Court is "the district court of the United States for the district and division embracing the place where the action is pending."  28 U.S.C. § 1441(a); 28 U.S.C. § 110.

9.      Defendants have satisfied all requirements for removal set forth under 28 U.S.C. § 1446.

a.      Attached hereto as Exhibit 1 is a true and correct copy of the Summons and Complaint served upon Defendants, which constitutes a copy of all process, pleadings and orders heretofore served upon Defendants.

b.      Defendants have filed this Notice of Removal within 30 days after Defendants were served with the Complaint.

c.      All Defendants join in and consent to the removal of this action to this Court.

d.      The amount in controversy exceeds $75,000, exclusive of interest and costs.  (Compl. ¶ 1 ("Prudential seeks to recover damages it suffered as a result of Defendants' fraudulent sale of over $207 million in mortgage-backed securities")).

e.      Defendants will promptly file a copy of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Essex County, and serve a copy on all parties.

10.     This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure Rule 11.

11.     This is not a "core" proceeding within the meaning of 28 U.S.C. § 157(b) of Federal Rule of Bankruptcy Procedure 9027, and Defendants do not consent to entry of final order or judgment by any bankruptcy judge.

## III.     SUBSTANTIVE GROUNDS FOR REMOVAL

### A.     Removal is Proper Based on "Related To" Bankruptcy Jurisdiction

12.     This action may be removed pursuant to 28 U.S.C. § 1452(a), because this Court has original jurisdiction over this action as one "related to" bankruptcy proceedings under 28 U.S.C. § 1334(b).

13.     The RMBS at issue are backed by mortgage loans originated by multiple entities that have filed petitions in bankruptcy, or are wholly owned subsidiaries of entities that have filed such petitions,[2] or have merged into a bankrupt debtor (the "Bankrupt Loan Originators").  The Loan Originators include, but are not limited to, the following: (a) Fremont Investment & Loan ("Fremont"); (b) Aegis Mortgage Company ("Aegis"); and (c) New Century Mortgage Company ("New Century").

14.     The following chart lists each Bankrupt Loan Originator and the court in which the related bankruptcy proceeding was filed:

| Loan  Originator | U.S. Bankruptcy Court Proceeding |
| --- | --- |
| Fremont | Central District of California, No. 08-13421-EAS |
| Aegis | District of Delaware, Case No. 07-11119-BLS |
| New Century | District of Delaware, Case No. 07-10419-KJC |

15.     As set forth below, Plaintiffs allege that the Bankrupt Loan Originators originated a substantial percentage of the mortgage loans underlying the Offerings at issue:[3]

---

[2] *See, e.g.*, *Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc.*, No. C10-139 RSM, 2010 WL 3662345, at *6 (W.D. Wash. Sept. 1, 2010) (indemnification agreements with affiliate of bankrupt corporate parent conferred related-to bankruptcy jurisdiction).

[3] These percentages are set forth in the Exhibits attached to and made a part of the Complaint. (Compl. Ex D-1 ¶ 3, G-1 ¶ 3, H-1 ¶ 3, I-1 ¶ 3, J-1 ¶ 3, K-1 ¶ 3, M-1 ¶ 3, N-1 ¶ 3, O-1 ¶ 3.)

| | Offering | Tranche | Originators | Percentage of Loans Originated |
|---|---|---|---|---|
| 1. | SABR 2004-NC3 | M1 | New Century | 100% |
| 2. | SABR 2005-FR4 | M1 | Fremont | 100% |
| 3. | SABR 2006-FR1 | A2C | Fremont | 100% |
| 4. | | M1 | Fremont | 100% |
| 5. | SABR 2006-FR3 | A3 | Fremont | "Substantially All" |
| 6. | SABR 2006-HE1 | A2C | Fremont | 100% |
| | | | Aegis | |
| | | | Decision One | |
| 7. | SABR 2006-HE2 | A2C | Fremont | ~46.98% |
| | | | Aegis | ~9.39% |
| | | | New Century | ~43.63% |
| 8. | SABR 2007-BR4 | A2B | New Century | ~83% |
| 9. | SABR 2007-NC1 | A2C | New Century | 100% |
| 10. | SABR 2007-NC2 | A2B *or* A2C[4] | New Century | 100% |

16.     Defendants entered into written agreements with each of the Bankrupt

Loan Originators identified above.  Pursuant to these agreements, the Bankrupt Loan Originators

agreed to indemnify and hold the Defendants harmless against all losses, including defense costs,

arising out of any claim involving alleged misrepresentations with respect to the mortgage loans

underlying the Certificates.  For example, an "Indemnification and Contribution Agreement"

between Securitized Asset Backed Receivables LLC and underwriters including Barclays Capital

Inc. on one hand,  and Fremont Investment & Loan, on the other hand, provides that:

> [Fremont] shall indemnify and hold harmless the Depositor, the
> Underwriters, the Initial Purchaser and their respective Affiliates,
> … against **any and all losses, claims, damages, penalties, fines,
> forfeitures or liabilities** … to which each such Indemnified Party
> may become subject … to the extent [they] arise out of or are

---

[4] Plaintiffs allege a single purchase from the SABR 2007-NC2 Offering, but in an apparent error, allege that the purchase was made from both the A2C tranche (Compl. Ex. A-2) and the A2B tranche (Compl. Ex. B-2).  For the purposes of this Notice of Removal, the underlying loan pool of either tranche was originated 100% by New Century.

> based upon any untrue statement … of any material fact contained in the Prospectus Supplement … or any amendment or supplement thereto, … to the extent that such untrue statement … relates to information set forth in the Indemnifying Party Information…."

(Fremont - Indemnification and Contribution Agreement, associated with SABR 2005 FR4 Offering, dated as of September 22, 2005, at 2-3 (emphasis supplied), attached hereto as Exhibit 2.)  The agreements between Defendants and the other Bankrupt Loan Originators identified above contain substantially identical indemnification terms.  (*See* Aegis Mortgage Corporation - Indemnification and Contribution Agreement, associated with SABR 2006 HE1 Free Writing Prospectus, dated August 15, 2006, at 2-3, attached hereto as Exhibit 3; Aegis Mortgage Corporation - Indemnification and Contribution Agreement, associated with SABR 2006 HE1 Prospectus, dated August 24, 2006, at 2-3, attached hereto as Exhibit 4; NC Capital Corporation - Indemnification and Contribution Agreement, associated with SABR 2007 NC1 Free Writing Prospectus, dated as of January 10, 2007, at 2-3, attached hereto as Exhibit 5; NC Capital Corporation - Indemnification and Contribution Agreement, associated with SABR 2007 NC1 Prospectus, dated as of January 19, 2007, at 2-3, attached hereto as Exhibit 6.)

17.     Pursuant to these indemnification agreements, as well as statutory and common law, the Bankrupt Loan Originators owe indemnification and/or contribution to Defendants for all losses, including defense costs, legal fees and all liabilities, that have been or will be incurred by Defendants arising out of all claims asserted by Plaintiffs in this action.

18.     This action "relates to" the Bankrupt Loan Originators' bankruptcy proceedings because the indemnification and/or contribution owed by the Bankrupt Loan Originators to Defendants "could conceivably have an effect" upon the distribution of the assets of the Bankrupt Loan Originators or otherwise impact the Bankrupt Loan Originators' "rights, liabilities, options, or freedom of action" in connection with "the handling and administration of the bankrupt estate."  *In re Pacor, Inc.*, 743 F.2d 984, 994 (3d Cir. 1984); *see also Belcufine v. Aloe*, 112 F.3d 633, 636 (3d Cir. 1997) (federal court had "related to" bankruptcy jurisdiction because defendants had contractual rights of indemnification against the bankrupt employer); *N.J. Dep't of Treasury, Div. of Inv. v. Fuld*, Civ. No. 09-1629, 2009 WL 1810356, at *3-*4

(D.N.J. June 25, 2009).  Accordingly, this action may be removed pursuant to 28 U.S.C. §§ 1334(b) and 1452(a) because it is "related to" several bankruptcy proceedings.

**B.  Removal Is Proper Based On Diversity Of Citizenship**

19.    Pursuant to 28 U.S.C. § 1332, the Court also has original jurisdiction over this action based upon diversity of citizenship among all plaintiffs properly joined and all named defendants.

20.    The citizenship of a fraudulently joined party is ignored for the purpose of removal.  *See In re Briscoe*, 448 F.3d 201, 215-16 (3d Cir. 2006) ("The doctrine of fraudulent joinder represents an exception to the requirement that removal be predicated solely upon complete diversity.").  A party is fraudulently joined if "there is no reasonable basis in fact or colorable ground supporting the claim against the [party], or no real intention in good faith to prosecute the action against the [party] or seek a joint judgment." *Id*. at 216 (citations omitted). The doctrine of fraudulent joinder applies with equal force where plaintiffs with no colorable ground supporting their claims are joined solely to defeat diversity jurisdiction. *In re Diet Drugs Prods. Liab. Litig.*, 294 F. Supp. 2d 667, 673 (E.D. Pa. 2003).

21.    Plaintiffs improperly joined the following entities, which were not purchasers, as set forth below.  Accordingly, the citizenship of these three named plaintiffs should be ignored for removal purposes:

a.    Plaintiff Commerce Street Investments, LLC ("Commerce Street") alleged in the Complaint to be a Delaware limited liability company with its principal place of business in Newark, New Jersey (Compl. ¶ 16), to which two purchases of Certificates are attributed (Compl. Ex. B);

b.    Plaintiff Pru Alpha Fixed Income Opportunity Master Fund I, L.P. ("Pru Alpha"), alleged in the Complaint to be a Delaware limited partnership with its principal place of business in Newark, New Jersey (Compl. ¶ 17), to which four purchases of Certificates are attributed (Compl. Ex. B);

c.    Plaintiff Prudential Retirement Insurance and Annuity Company ("PRIAC"), alleged in the Complaint to be a Connecticut company with its principal

place of business in Hartford, Connecticut (Compl. ¶ 18), to which two purchases of Certificates are attributed (Compl. Ex. B.)

22. These three plaintiffs were joined for the purpose of seeking to defeat diversity jurisdiction and to thwart Defendants' rights to remove this action to federal court where original jurisdiction exists. In a similar RMBS action that several of the Plaintiffs in this action have brought against, among others, J.P. Morgan Securities LLC, Prudential advised this Court that as a matter of "Prudential's general practice regarding RMBS investments," "purchases" of RMBS certificates were made by Prudential Investment Management, Inc. ("PIM"), and later "allocated" by PIM among various Prudential accounts. *The Prudential Ins. Co. of Am. v. J.P. Morgan Secs. LLC*, 12 CV 3489 (WHW)(MCA), Pls.' Mem. of Law Supp. Mot. to Remand at 26 (docket entry no. 8-1) (citing Aff. of Richard B. Rogers ¶¶ 5-6) (docket entry no. 8-2) (Attached hereto as Exhibits 7 and 8). As Prudential explained:

> [S]ecurities traders employed by [PIM], selected and purchased the securities from PIM's offices in Newark, New Jersey. . . . This is consistent with Prudential's general practice regarding RMBS investments: a centralized group of traders in Newark made purchases of RMBS certificates and then allocated them after the fact among Prudential's general account and its affiliate entities, who served as investment advisory clients of PIM.

(*Id.*) Indeed, as Prudential explained, "[affiliate entities] did not select RMBS for investment, nor did [they] execute trades," but rather, "PIM's [New Jersey]-based traders made the [RMBS] purchases." (*Id.*)

23. The Delaware and Connecticut citizenship of Commerce Street, Pru Alpha and PRIAC therefore should be disregarded for the purpose of determining diversity of jurisdiction because, according to Prudential, those entities did not "purchase" the securities at issue in this case. Thus, those entities lack standing to pursue any of the claims against Defendants that are alleged in the Complaint. Although the Complaint alleges that these three entities were "purchasers" of eight of the 24 RMBS at issue, (Compl. ¶ 20 and Ex. B.), Plaintiffs fail to allege when Commerce Street, Pru Alpha and PRIAC purportedly made these "purchase[s]" or from whom they were made. Prudential's allegations in this Complaint are

inconsistent with Prudential's representations to this Court in the J.P. Morgan action. Indeed, although Exhibit B to the Complaint in the instant action lists a number of other potential purchasers, curiously those entities are not joined. (*See* Compl. Ex. B listing as purchasers: Institutional Core Bond Fund of the Prudential Trust Company Master Commingled Investments Fund for Tax Exempt Trusts, Prudential Core Bond Fund of the Prudential Trust Company Collective Trust).

24. Pursuant to 28 U.S.C. § 1332, the Court has original jurisdiction over this action based upon diversity of citizenship among all parties properly joined. Those parties are The Prudential Insurance Company of America and the Prudential Trust Company as Plaintiffs, and the named Defendants, Barclays Bank PLC, Barclays Capital, Inc, BCAP LLC, Securitized Asset Backed Receivables LLC, and Sutton Funding LLC.

25. Non-Plaintiff PIM is a New Jersey corporation with a principal place of business in Newark, New Jersey. PIM is not named as a plaintiff in the Complaint but according to Prudential is the purchaser of the RMBS at issue.

26. Plaintiff The Prudential Insurance Company of America is a New Jersey insurance company with its principal place of business in Newark, New Jersey. (Compl. ¶ 15.)

27. Plaintiff Prudential Trust Company is a Pennsylvania corporation with its principal place of business in Scranton, Pennsylvania. (Compl. ¶ 19.)

28. Defendant Barclays Capital, Inc. is a Connecticut corporation with its principal place of business in New York, New York. (Compl. ¶ 22.)

29. Defendant Barclays Bank PLC is a company registered in England and Wales, with its principal place of business in London, England; it maintains a branch in New York, New York. (Compl. ¶ 24.)

30. Defendants Sutton Funding LLC, Securitized Asset Backed Receivables, and BCAP LLC, are Delaware companies principally located in New York. (Compl. ¶¶ 25, 27-28.)

31. At no time was any Defendant a New Jersey or Pennsylvania corporation, or principally located in either New Jersey or Pennsylvania. Similarly, no properly joined

Plaintiff is or has been at any relevant time a Delaware, Connecticut, or foreign corporation, or principally located in Delaware, Connecticut, New York, or a foreign country.

32.     Based upon Plaintiffs' representations in the J.P. Morgan action, including the sworn testimony under penalty of perjury of one of Plaintiffs' employees, the RMBS "purchases" and purchasing decisions allegedly made by Commerce Street, Pru Alpha and PRIAC were not made by these entities, as alleged, but rather those decisions were made by PIM.

33.     Commerce Street, Pru Alpha and PRIAC each lacks standing to pursue the claims asserted against Defendants or the relief sought in the Complaint. As there is "no reasonable basis in fact" or "colorable ground supporting" the claims asserted by Commerce Street, Pru Alpha and PRIAC against Defendants, the citizenship of Commerce Street, Pru Alpha and PRIAC should be disregarded for jurisdictional purposes. With the citizenship of those entities properly disregarded, there is absolute diversity of citizenship among the properly joined plaintiffs and Defendants. As the amount in controversy exceeds $75,000, this Court thus has jurisdiction under 28 U.S.C. § 1332.

**WHEREFORE**, for the reasons set forth above, Defendants remove this action from the Superior Court of the State of New Jersey, Law Division, Essex County, to the United States District Court for the District of New Jersey.

Dated:    New York, New York
          September 18, 2012

ORRICK, HERRINGTON & SUTCLIFFE LLP

*Attorneys for Defendants Barclays Bank PLC,*
*Barclays Capital Inc., BCAP LLC, Securitized Asset*
*Backed Receivables LLC, and Sutton Funding LLC*

By _____
     Matthew Ingles, (NJ Bar No. 021482010)
     mingles@orrick.com

**OF COUNSEL:**
Joseph J. Frank
Matthew L. Craner
Paul F. Rugani
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street
New York, New York 10019
Tel: (212) 506-5000
Fax: (212) 506-5151
jfrank@orrick.com
mcraner@orrick.com
prugani@orrick.com


To:    Kirsten McCaw Grossman
NUKK-FREEMAN & CERRA, P.C.
636 Morris Turnpike, Suite 2F
Short Hills, NJ 07078
(973) 564-9100
kgrossman@nfclegal.com

     - and -

Daniel L. Brockett
David D. Burnett
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601
(212) 849-7000
danbrockett@quinnemanuel.com
daveburnett@quinnemanuel.com

     - and -

Jeremy D. Andersen
Chris Barker
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
jeremyandersen@quinnemanuel.com
chrisbarker@quinnemanuel.com

     - and -

Essex County Court Clerk

## CERTIFICATION OF SERVICE

I hereby certify that on September 18, 2012 the foregoing Notice of Removal was served upon counsel for  Plaintiffs by email and Federal Express to:

Kirsten McCaw Grossman
NUKK-FREEMAN & CERRA, P.C.
636 Morris Turnpike, Suite 2F
Short Hills, NJ 07078
(973) 564-9100
kgrossman@nfclegal.com

            - and -

Daniel L. Brockett
David D. Burnett
QUINN EMANUEL URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010-1601
(212) 849-7000
danbrockett@quinnemanuel.com
daveburnett@quinnemanuel.com

            - and -

Jeremy D. Andersen
Chris Barker
QUINN EMANUEL URQUHART & SULLIVAN, LLP
865 South Figueroa Street, 10th Floor
Los Angeles, CA 90017
(213) 443-3000
jeremyandersen@quinnemanuel.com
chrisbarker@quinnemanuel.com

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                            ___s/ Matthew Ingles_____
                            Matthew Ingles
                            mingles@orrick.com

Dated: September 18, 2012