# EXHIBIT 1

ORRICK, HERRINGTON & SUTCLIFFE LLP
*Attorney for Defendants*
51 West 52nd Street
New York, New York 10019
Tel: (212) 506-5000
Fax: (212) 506-5151

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, COMMERCE STREET INVESTMENT, LLC, PRU ALPHA FIXED INCOME OPPORTUNITY MASTER FUND I, L.P., PRUDENTIAL RETIREMENT INSURANCE AND ANNUITY COMPANY, AND PRUDENTIAL TRUST COMPANY,<br><br>        Plaintiffs,<br><br>        -against-<br><br>BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., BCAP LLC, SECURITIZED ASSET BACKED RECEIVABLES LLC, AND SUTTON FUNDING LLC,<br><br>        Defendants. | Index No. 12-CV-05854 (WJM)(MF)<br>(ECF Case)<br><br><br><br>**DEFENDANTS' PROPOSED INTERROGATORIES**<br><br><br>MOTION DAY: December 3, 2012 |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 33.1 of the Local Rules for the United States District Court for the District of New Jersey, Defendants Barclays Bank PLC, Barclays Capital Inc., BCAP LLC, Securitized Asset Backed Receivables LLC, and Sutton Funding LLC (collectively, "Barclays"), by and through their attorneys, hereby request that Plaintiff Prudential Retirement Insurance and Annuity Company ("PRIAC") answer the following Interrogatories under oath and serve the answers at offices of Orrick Herrington & Sutcliffe, LLP, 51 West 52nd Street, New York, New York 10019, on or before 20 days from the service hereof, or at such other time and place on which the parties may agree.

## **DEFINITIONS**

1.  "Document" or "documents" shall mean every "document" within the broadest permissible scope of Rule 34 of the Federal Rules of Civil Procedure.

2.  As used herein, the terms "relating to," "relate to," "related," "concerning," "supporting," and any similar terms shall mean – unless otherwise indicated – having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising,

constituting, or otherwise establishing any reasonable, logical, or causal connection.

    3.     Any examples after the words "including" or "such as" are illustrative and not limitative.

    4.     "Complaint" means the Complaint filed in the instant action by Plaintiffs.

    5.     "You" or "PRIAC" means Prudential Retirement Insurance and Annuity Company and any of its principals, officers, directors, or employees.

    6.     "Certificates" means the residential mortgage-backed securities for which the Complaint alleges that PRIAC is the purchaser, namely: SABR 2006-HE1, A-2C and SABR 2007-BR4, A-2B.

    7.     The term "person" means any natural person or any business, legal, governmental, non-governmental entity, association, or organization.

    8.     The term "identify" means:

        a.     as applied to a natural person, to state the person's fully name, title, present or last known address and telephone number, present or last known employer, and present or last known business address and telephone number;

    b.    as applied to a business entity, to state the entity's full name and present or last known business address and telephone number;

    c.    as applied to a document or written communication, to state, to the extent known, the type of document, the general subject matter, the date of the document, the author(s), addressee(s) and recipient(s), and any Bates number or other identifier; and

    d.    as applied to an oral communication, to state, to the extent known, the name and present or last known address and telephone numbers of the person involved, the dates on which such oral communication occurred, the location where the communication happened or the locations at which the persons involved were when the communication happened, and a complete description of the topic or subject matter of the oral communication.

9.    The term "describe," when referring to a communication, activity, occurrence, occasion, happening, discussion, incident, event or testimony means to give to the extent known:

    a.    The time and place thereof;

      b.      The identity of each person who participated or witnessed such communication, activity, occurrence, etc.; and

      c.      A descriptive account thereof;

10.      The term "communication" means any transmittal of information (in the form of facts, ideas, inquiries, photographs, drawings, or otherwise) and a document request for "communications" includes correspondence, telexes, facsimile transmissions, telecopies, electronic mail ("e-mail"), all attachments and enclosures thereto, recordings in any medium of oral communication, telephone logs, message logs, text messages, electronic instant messages, and notes and memoranda concerning written or oral communications, and any translations thereof.

## INSTRUCTIONS

1.      Each interrogatory shall be construed independently and not with reference to any other Interrogatory for the purpose of limitation or exclusion.

2.      If You object to any Interrogatory, please state with specificity the grounds for such objection. Any Interrogatory to which an objection is made should be responded to insofar as it is deemed not objectionable.

3.      If You are unable to respond to an Interrogatory, please answer and respond to the extent possible and specify the reasons for Your inability to

answer or respond in full, and state whatever information is available concerning the unanswered portion.

    4.    In construing the Interrogatories below, the following rules of construction apply:

    a.    Number: The use of the singular form of any word includes the plural and vice versa.

    b.    Any/All: "All" and "Any" mean "any and all."

    c.    And/Or: "And" includes "or" and "or" includes "and."

    d.    Each/Every: "Each" includes "every" and "every" includes "each"

    5.  These Interrogatories are of a continuing nature.  If You acquire further information responsive to these Interrogatories after the service of responses hereto, You shall promptly furnish such information to Defendants' attorneys as required by the Federal Rules of Civil Procedure.

## INTERROGATORIES

    1.    For each Certificate, identify each of PRIAC's principals, officers, directors, or employees, if any, who received the alleged misstatements described in the Complaint and each person from whom such alleged misstatement was received, including the date of each such communication.

  2. For each Certificate, describe the manner in which PRIAC received the alleged misstatements described in the Complaint, if at all.

  3. For each Certificate, identify each of PRIAC's principals, officers, directors, or employees, if any, who relied upon any alleged misstatement described in the Complaint in making the decision to purchase the Certificate.

  4. For each Certificate, identify each of PRIAC's principals, officers, directors, or employees, if any, who made the decision to purchase the Certificate.

  5. For each Certificate, describe the process by which PRIAC acquired the Certificate and identify from whom PRIAC acquired the Certificate.

DATED: _____
   New York, New York

                ORRICK, HERRINGTON & SUTCLIFFE LLP

                *Attorneys for Defendants Barclays Bank PLC, Barclays Capital Inc., BCAP LLC, Securitized Asset Backed Receivables LLC, and Sutton Funding LLC.*

                By: _____
                    Matthew J. Ingles (N.J. Bar No. 021482010)
                    Joseph J. Frank (admitted *pro hac vice*)
                    Matthew L. Craner (admitted *pro hac vice*)
                    Paul F. Rugani (admitted *pro hac vice*)
                    ORRICK, HERRINGTON & SUTCLIFFE LLP
                    51 West 52nd Street
                    New York, New York 10019
                    Tel: (212) 506-5000
                    Fax: (212) 506-5151
                    mingles@orrick.com
                    jfrank@orrick.com
                    mcraner@orrick.com
                    prugani@orrick.com