# EXHIBIT 2

ORRICK, HERRINGTON & SUTCLIFFE LLP
*Attorney for Defendants*
51 West 52nd Street
New York, New York 10019
Tel: (212) 506-5000
Fax: (212) 506-5151

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,
COMMERCE STREET
INVESTMENT, LLC, PRU ALPHA
FIXED INCOME OPPORTUNITY
MASTER FUND I, L.P.,
PRUDENTIAL RETIREMENT
INSURANCE AND ANNUITY
COMPANY, AND PRUDENTIAL
TRUST COMPANY,

    Plaintiffs,

   -against-

BARCLAYS BANK PLC,
BARCLAYS CAPITAL INC., BCAP
LLC, SECURITIZED ASSET
BACKED RECEIVABLES LLC, AND
SUTTON FUNDING LLC,

    Defendants.

Index No. 12-CV-05854 (WJM)(MF)
(ECF Case)

**DEFENDANTS' PROPOSED
REQUESTS FOR PRODUCTION
OF DOCUMENTS**

MOTION DAY: December 3, 2012

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rule 34.1of the Local Rules for the United States District Court for the District of New Jersey, Defendants Barclays Bank PLC, Barclays Capital Inc., BCAP LLC, Securitized Asset Backed Receivables LLC, and Sutton Funding LLC (collectively, "Barclays"), by and through their attorneys, hereby request that Plaintiff Prudential Retirement Insurance and Annuity Company ("PRIAC") produce for inspection and copying at the offices of Orrick Herrington & Sutcliffe, LLP, 51 West 52nd Street, New York, New York 10019, on or before 20 days from the service hereof, or at such other time and place on which the parties may agree, the documents, electronically stored information, and tangible things described below (the "Requests").

## DEFINITIONS

1.      "Document" or "documents" shall mean every "document" within the broadest permissible scope of Rule 34 of the Federal Rules of Civil Procedure.

2.      As used herein, the terms "relating to," "relate to," "related," "concerning," "supporting," and any similar terms shall mean – unless otherwise indicated – having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising,

2

constituting, or otherwise establishing any reasonable, logical, or causal connection.

3.      Any examples after the words "including" or "such as" are illustrative and not limitative.

4.      "Complaint" means the Complaint filed in the instant action by Plaintiffs.

5.      "You" or "PRIAC" means Prudential Retirement Insurance and Annuity Company and any of its principals, officers, directors, or employees.

6.      "PIM" means Prudential Investment Management, Inc. and any of its principals, officers, directors, or employees.

7.      "Certificates" means the residential mortgage-backed securities for which the Complaint alleges that PRIAC is the purchaser, namely: SABR 2006-HE1, A-2C and SABR 2007-BR4, A-2B.

## INSTRUCTIONS

1.      These Requests are intended to cover all documents and things in the possession, custody, or control of PRIAC, as well as any and all documents within the possession, custody, or control of any third party or parties who, upon request, would surrender possession, custody, or control to PRIAC.

2.      If PRIAC claims any form of privilege as a ground for not producing any requested document, please furnish a list identifying each document

for which the privilege is claimed, together with the following information: (a) the privilege being asserted; (b) the person on whose behalf the privilege is asserted; (c) a precise statement of the factual and legal bases upon which the claim of privilege is asserted; (d) identification of the purported privileged document, including (i) its nature (e.g., a letter, draft, memorandum, video recording, etc.); (ii) the date it was prepared; (iii) the date the document bears; (iv) the date the document was sent; (v) the date it was received; (vi) the name of the person(s) who prepared the document; (vii) the names of the person(s) who received the document; (viii) the name of each person to whom it was sent or was intended to be sent, including all addressees, and all recipients of copies; and (ix) a statement of whom each identified person represented or purported to represent at all relevant times.

      3.      If a portion of any document responsive to the Requests is withheld under a claim of privilege, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

      4.      In construing the Requests below, the following rules of construction apply:

      a.      Number: The use of the singular form of any word includes the plural and vice versa.

      b.      Any/All: "All" and "Any" mean "any and all."

c.      And/Or: "And" includes "or" and "or" includes "and."

d.      Each/Every: "Each" includes "every" and "every" includes "each"

5.      These Requests are of a continuing nature.  If You acquire possession, custody, or control of any additional Documents responsive to these Requests after the service of responses hereto, You shall promptly furnish such Documents to Defendants' attorneys as required by the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

1.      Documents sufficient to show the domicile and citizenship of PRIAC, including its place of incorporation and principal place of business, both at the time of the filing of the Complaint and as of the date of the response to these Requests.

2.      Documents concerning PRIAC's receipt, if any, of any of the alleged misstatements described in the Complaint, including the date on which any such alleged misstatement was received.

3.      Documents concerning PRIAC's reliance, if any, on any of the alleged misstatements described in the Complaint in connection with PRIAC's acquisition of each Certificate.

4.      Documents concerning the manner in which PRIAC acquired each Certificate, and all documents relating to such acquisitions, including without limitation trade confirmations, correspondence, and documents showing the amounts and dates of such acquisitions.

5.      Documents concerning any investment advisory relationship between PRIAC and PIM.

6.      Documents concerning any communication between PRIAC and PIM in connection with each Certificate, including without limitation trade confirmations, correspondence, e-mails, and oral communications, and including the date of all such communications.

DATED:  November 5, 2012
        New York, New York

ORRICK, HERRINGTON & SUTCLIFFE LLP

*Attorneys for Defendants Barclays Bank PLC,
Barclays Capital Inc., BCAP LLC, Securitized Asset
Backed Receivables LLC, and Sutton Funding LLC.*

By: _____

    Matthew J. Ingles (N.J. Bar No. 021482010)
    Joseph J. Frank (admitted *pro hac vice*)
    Matthew L. Craner (admitted *pro hac vice*)
    Paul F. Rugani (admitted *pro hac vice*)
    ORRICK, HERRINGTON & SUTCLIFFE LLP
    51 West 52nd Street
    New York, New York 10019
    Tel: (212) 506-5000
    Fax: (212) 506-5151
    mingles@orrick.com
    jfrank@orrick.com
    mcraner@orrick.com
    prugani@orrick.com