# EXHIBIT 3

ORRICK, HERRINGTON & SUTCLIFFE LLP
*Attorney for Defendants*
51 West 52nd Street
New York, New York 10019
Tel: (212) 506-5000
Fax: (212) 506-5151

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, COMMERCE STREET INVESTMENT, LLC, PRU ALPHA FIXED INCOME OPPORTUNITY MASTER FUND I, L.P., PRUDENTIAL RETIREMENT INSURANCE AND ANNUITY COMPANY, AND PRUDENTIAL TRUST COMPANY,<br><br>            Plaintiffs,<br><br>      -against-<br><br>BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., BCAP LLC, SECURITIZED ASSET BACKED RECEIVABLES LLC, AND SUTTON FUNDING LLC,<br><br>            Defendants. | Index No. 12-CV-05854 (WJM)(MF)<br>(ECF Case)<br><br><br><br>**DEFENDANTS' PROPOSED NOTICE OF DEPOSITION PURSUANT TO FED. R. CIV. P. 30(B)(6)**<br><br><br>MOTION DAY: December 3, 2012 |

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Defendants Barclays Bank PLC, Barclays Capital Inc., BCAP LLC, Securitized Asset Backed Receivables LLC, and Sutton Funding (collectively, "Barclays") will take the deposition upon oral examination of Plaintiff Prudential Retirement and Insurance Annuity Company ("PRIAC") on [DATE] at 9:30 a.m., or such other time as is agreed upon, at the offices of Orrick, Herrington & Sutcliffe, LLP, 51 West 52nd Street, 23rd Floor, New York, New York 10019.

Examination will be directed to the matters identified in Schedule A attached hereto. Pursuant to Rule 30(b)(6), PRIAC is directed to designate one or more officers, directors, managing agents, or other persons who consent and are knowledgeable to testify on its behalf with respect to each of the subject matters set forth in Schedule A attached hereto, and the person(s) so designated shall be required to testify as to each of those topics known or reasonably available to PRIAC.

The deposition will be recorded by stenographic, sound, and/or visual means.

DATED: _____
   New York, New York

            ORRICK, HERRINGTON & SUTCLIFFE LLP

*Attorneys for Defendants Barclays Bank PLC, Barclays Capital Inc., BCAP LLC, Securitized Asset Backed Receivables LLC, and Sutton Funding LLC.*

By: _____
   Matthew J. Ingles (N.J. Bar No. 021482010)
   Joseph J. Frank (admitted *pro hac vice*)
   Matthew L. Craner (admitted *pro hac vice*)
   Paul F. Rugani (admitted *pro hac vice*)
   ORRICK, HERRINGTON & SUTCLIFFE LLP
   51 West 52nd Street
   New York, New York 10019
   Tel: (212) 506-5000
   Fax: (212) 506-5151
   mingles@orrick.com
   jfrank@orrick.com
   mcraner@orrick.com
   prugani@orrick.com

## SCHEDULE A

## DEFINITIONS

1.      As used herein, the terms "relating to," "relate to," "related," "concerning," "supporting," and any similar terms shall mean – unless otherwise indicated – having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising, constituting, or otherwise establishing any reasonable, logical, or causal connection.

2.      "You" or "PRIAC" means Plaintiff Prudential Retirement and Insurance Annuity Company and any parent, subsidiary, or other affiliate and any of its principals, officers, directors, or employees.

3.      "PIM" means Prudential Investment Management, Inc. and any of its principals, officers, directors, or employees.

4.      "Complaint" means the Complaint filed in the instant action by Plaintiffs.

5.      "Certificates" means the residential mortgage backed securities for which the Complaint alleges PRIAC is the purchaser, namely: SABR 2006-HE1, A-2C and SABR 2007-BR4, A-2B.

6. In construing the Matters of Examination below, the following rules of construction apply:

  a. Number: The use of the singular form of any word includes the plural and vice versa.

  b. Any/All: "All" and "Any" mean "any and all."

  c. And/Or: "And" includes "or" and "or" includes "and."

  d. Each/Every: "Each" includes "every" and "every" includes "each."

## MATTERS OF EXAMINATION

1. The purchase of the Certificates and the PRIAC's role, if any, in connection with the purchase.

2. PRIAC's receipt of the alleged misstatements described in the Complaint, if any, including any communications between PRIAC and Barclays regarding the Certificates.

3. Reliance by PRIAC, if any, on any of the alleged misstatements described in the Complaint in connection with PRIAC's acquisition of the Certificates.

4. The investment advisory relationship between PRIAC and PIM, including as it pertained to the purchase of each Certificate and including any communications between PRIAC and PIM concerning each Certificate.