# EXHIBIT 4

ORRICK, HERRINGTON & SUTCLIFFE LLP
*Attorney for Defendants*
51 West 52nd Street
New York, New York 10019
Tel: (212) 506-5000
Fax: (212) 506-5151

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, COMMERCE STREET INVESTMENT, LLC, PRU ALPHA FIXED INCOME OPPORTUNITY MASTER FUND I, L.P., PRUDENTIAL RETIREMENT INSURANCE AND ANNUITY COMPANY, AND PRUDENTIAL TRUST COMPANY,<br><br>          Plaintiffs,<br><br>    -against-<br><br>BARCLAYS BANK PLC, BARCLAYS CAPITAL INC., BCAP LLC, SECURITIZED ASSET BACKED RECEIVABLES LLC, AND SUTTON FUNDING LLC,<br><br>          Defendants. | Index No. 12-CV-05854 (WJM)(MF)<br>(ECF Case)<br><br>**DEFENDANTS' PROPOSED SUBPOENA TO PRUDENTIAL INVESTMENT MANAGEMENT, INC.**<br><br>MOTION DAY: December 3, 2012 |

AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | | |
|---|---|---|
| The Prudential Insurance Company of America, et al. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.  12-CV-05854 |
| Barclays Bank Plc, et al. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | District of New Jersey  ) |

**SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION**

To:   Prudential Insurance Management, Inc.

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Please see attached supplement.

| Place: ORRICK, HERRINGTON & SUTCLIFFE LLP<br>51 West 52nd Street<br>New York, New York 10019 | Date and Time: |
|---|---|

The deposition will be recorded by this method:   Audio/video recording and court stenographer

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

Please see attached supplement.

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

*CLERK OF COURT*

OR

_____                              _____
*Signature of Clerk or Deputy Clerk*                                      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*     all Defendants
_____ , who issues or requests this subpoena, are:

Paul F. Rugani
ORRICK, HERRINGTON & SUTCLIFFE LLP
51 West 52nd Street, New York, NY 10019          Tel: (212) 506-5000          Email: prugani@orrick.com

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information;
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
     **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## **EXHIBIT A**

## **DEFINITIONS**

1. Document" or "documents" shall mean every "document" within the broadest permissible scope of Rule 34 of the Federal Rules of Civil Procedure.

2. As used herein, the terms "relating to," "relate to," "related," "concerning," "supporting," and any similar terms shall mean – unless otherwise indicated – having any relationship or connection to, concerning, being connected to, commenting on, responding to, containing, evidencing, showing, memorializing, describing, analyzing, reflecting, pertaining to, comprising, constituting, or otherwise establishing any reasonable, logical, or causal connection.

3. Any examples after the words "including" or "such as" are illustrative and not limitative.

4. "Complaint" means the Complaint filed in the instant action by Plaintiffs.

5. "You" or "PIM" means Prudential Investment Management, Inc. and any of its principals, officers, directors, or employees.

6. "PRIAC" means Prudential Retirement Insurance and Annuity Company and any of its principals, officers, directors, or employees.

7. "Certificates" means the residential mortgage-backed securities for which the Complaint alleges that PRIAC is the purchaser, namely: SABR 2006-HE1, A-2C and SABR 2007-BR4, A-2B.

## INSTRUCTIONS

1. This subpoena is intended to cover all documents and things in the possession, custody, or control of PIM, as well as any and all documents within the possession, custody, or control of any third party or parties who, upon request, would surrender possession, custody, or control to PIM.

2. If PIM claims any form of privilege as a ground for not producing any requested document, please furnish a list identifying each document for which the privilege is claimed, together with the following information: (a) the privilege being asserted; (b) the person on whose behalf the privilege is asserted; (c) a precise statement of the factual and legal bases upon which the claim of privilege is asserted; (d) identification of the purported privileged document, including (i) its nature (e.g., a letter, draft, memorandum, video recording, etc.); (ii) the date it was prepared; (iii) the date the document bears; (iv) the date the document was sent; (v) the date it was received; (vi) the name of the person(s) who prepared the document; (vii) the names of the person(s) who received the document; (viii) the name of each person to whom it was sent or was intended to be sent, including all addressees, and all recipients of copies; and (ix) a statement

of whom each identified person represented or purported to represent at all relevant times.

    3.    If a portion of any document responsive to the Requests is withheld under a claim of privilege, any non-privileged portion of such document must be produced with the portion claimed to be privileged redacted.

    4.    In construing the Requests and Matters for Examination below, the following rules of construction apply:

    a.    Number: The use of the singular form of any word includes the plural and vice versa.

    b.    Any/All: "All" and "Any" mean "any and all."

    c.    And/Or: "And" includes "or" and "or" includes "and."

    d.    Each/Every: "Each" includes "every" and "every" includes "each."

    5.    These Requests are of a continuing nature.  If You acquire possession, custody, or control of any additional Documents responsive to these Requests after the service of responses hereto, You shall promptly furnish such Documents to Defendants' attorneys as required by the Federal Rules of Civil Procedure.

## DOCUMENTS TO BE PRODUCED

1. Documents sufficient to describe any investment advisory relationship between PRIAC and PIM.

2. Documents concerning any communications regarding the Certificates between PIM and PRIAC, including trade confirmations, e-mails, correspondence, and oral communications.

3. Documents concerning PIM's receipt, if any, of any of the alleged misstatements described in the Complaint, including the date on which any such alleged misstatement was received.

4. Documents concerning PIM's reliance, if any, on any of the alleged misstatements described in the Complaint in connection with PIM's purchase of each Certificate.

5. Documents concerning the manner in which PIM or PRIAC acquired each Certificate, and all documents relating to such acquisitions, including without limitation trade confirmations, correspondence, and documents sufficient to show the amounts and dates of those acquisitions.

## 30(b)(6) DEPOSITION TESTIMONY

Examination will be directed to the following matters:

1. The purchase of the Certificates and the role played by PIM in those purchases.

2. PIM's receipt of the alleged misstatements concerning the Certificates described in the Complaint, including any communications between PIM and Barclays regarding the Certificates.

3. Reliance by PIM on the alleged misstatements described in the Complaint in connection with the acquisition of the Certificates.

4. The investment advisory relationship between PIM and PRIAC.

5. Communications, if any between PIM and PRIAC regarding the Certificates and the acquisition or transfer thereof.

Pursuant to Rule 30(b)(6), PIM is directed to designate one or more officers, directors, managing agents, or other persons who consent and are knowledgeable to testify on its behalf with respect to each of the subject matters set forth above, and the person(s) so designated shall be required to testify as to each of those topics known or reasonably available to PIM.

The deposition will be recorded by stenographic, sound, and/or visual means.